**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLEN KNAPP JR. and** | : | |
| **AMY KNAPP, his wife** | : | |
| 108 Franklin Street | : | CIVIL ACTION |
| Bloomsburg, PA 17815 | : | |
| and | : | NO. |
| **FRANCES KNAPP** | : | |
| 716 E. 8th Street | : | JURY TRIAL DEMANDED |
| Boyertown, PA 19512 | : | |
| | : | |
| vs. | : | |
| | : | |
| **ALLSTATE FIRE AND CASUALTY** | : | |
| **INSURANCE COMPANY** | : | |
| 3100 Sanders Road | : | |
| Northbrook, IL 60062 | : | |
| and | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | |
| 1 State Farm Plaza | : | |
| Bloomington, IL 61710 | : | |

## COUNT I
### *(FACTS COMMON TO ALL COUNTS)*

1.      Plaintiffs, Allen Knapp Jr. and Amy Knapp, his wife, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at the above address.

2.      Plaintiff, Frances Knapp, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above address.

3.      Defendant, Allstate Fire and Casualty Insurance Company (hereinafter "Allstate"), is a corporation organized and existing under and by virtue of the laws of the State of Illinois with a principal place of business therein at the above captioned address.

4. At all times material hereto, defendant, Allstate, was acting by and through its agents, servants and/or employees who were acting then and there in the course and scope of said employment/agency with defendant under defendant's control and/or right of control.

5. Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), is a corporation organized and existing under and by virtue of the laws of the State of Illinois with a principal place of business therein at the above captioned address.

6. At all times material hereto, defendant, State Farm, was acting by and through its agents, servants and/or employees who were acting then and there in the course and scope of said employment/agency with defendant under defendant's control and/or right of control.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiffs and defendants.

8. Venue in this Court is proper under 28 U.S.C. §1391 because Defendants regularly conduct business within this district.

9. On or about July 29, 2025, at approximately 5:29 p.m., plaintiff, Allen Knapp Jr., was the operator of a motor vehicle, in which plaintiff, Frances Knapp, was a passenger, traveling on or near State Route 487 at or near its intersection with Rohrsburg Road in Bloomsburg, Pennsylvania.

10. On or about July 29, 2025, at approximately 5:29 p.m., an underinsured operator was operating an underinsured motor vehicle traveling on or near State Route 487 at or near its intersection with Rohrsburg Road in Bloomsburg, Pennsylvania.

11. At the time and place as aforementioned, the underinsured operator of the underinsured motor vehicle carelessly and negligently operated said motor vehicle so as to strike

the motor vehicle occupied by plaintiff, Allen Knapp Jr., in which plaintiff, Frances Knapp, was a passenger, as a result of which plaintiffs sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

12. At the time and place aforesaid, the underinsured operator of the underinsured motor vehicle was underinsured.

13. At the time and place aforesaid, plaintiffs were insured with defendant, Allstate, under a policy for automobile insurance number 808 004 067 (hereinafter "Allstate policy").

14. At the time and place aforesaid, said policy issued by defendant, Allstate, was for no less than seven (7) motor vehicle(s).

15. Within the above identified policy of automobile insurance, defendant, Allstate, by the terms of which it contracted to pay first party benefits on account of injuries from a motor vehicle accident, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an underinsured motor vehicle and/or operator.

16. Defendant, Allstate, policy number 808 004 067 provides not less than Seven Hundred Thousand Dollars ($700,000.00) per person of "UIM" benefits insured under said policy.

17. Defendant, Allstate, said policy for automobile insurance was in full force and effect on July 29, 2025.

18. Additional underinsured motorist benefits may be available under the aforesaid policy with Defendant, Allstate.

19. At the time and place aforesaid, plaintiff, Frances Kanpp, was insured with defendant, State Farm, under a policy for automobile insurance number 840 8612-D19-38M (hereinafter "State Farm policy").

20.     At the time and place aforesaid, said policy issued by defendant, State Farm, was for no less than one (1) motor vehicle.

21.     Within the above identified policy of automobile insurance, defendant, State Farm, by the terms of which it contracted to pay first party benefits on account of injuries from a motor vehicle accident, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiff, Frances Knapp, for injuries arising from a motor vehicle accident involving an underinsured motor vehicle and/or operator.

22.     Defendant, State Farm, policy number 840 8612-D19-38M provides not less than One Hundred Thousand dollars ($100,000.00) per person of "UIM" benefits under said policy.

23.     Defendant, State Farm, said policy for automobile insurance was in full force and effect on July 29, 2025.

24.     Additional underinsured motorist benefits may be available under the aforesaid policy with Defendant, State Farm.

25.     Additional yet to be identified policies issued by defendant under which plaintiffs may be an insured on the date of this accident may have also been in full force and effect on July 29, 2025.

26.     Under the aforementioned automobile insurance policies, plaintiffs were an insured under a policy of motor vehicle insurance in which the named insured elected the Full Tort option under the Pennsylvania Motor Vehicle Financial Responsibility Law.

27.     Limited Tort does not apply to this action.

28.     The wrongful and negligent conduct of underinsured operator of the underinsured motor vehicle consisted of, among other things, the following:

   a. Vicarious liability for the actions and/or inactions of defendants;
   b. Failing to have said motor vehicle under adequate and proper control;

c. Failure to timely apply brakes to bring vehicle to a complete stop before impact;
d. Failure to exercise ordinary care to avoid a collision;
e. Failing to remain continually alert while operating a motor vehicle;
f. Driving too fast for conditions;
g. Operating motor vehicle in an "over-aggressive" manner;
h. Failing to appreciate traffic conditions;
i. Failing to observe other motor vehicles;
j. Traveling too fast under the circumstances;
k. Operating said motor vehicle at a high and excessive rate of speed under the circumstances;
l. Failing to use due caution in driving said motor vehicle;
m. Failing to take due note of the point and position of other motor vehicles;
n. Failing to maintain an assured clear distance of other motor vehicles;
o. Failing to yield the right of way to other motor vehicles;
p. Failing to warn plaintiffs;
q. Failing to yield the right of way;
r. Failing to stop said motor vehicle prior to striking another motor vehicle;
s. Failing to maintain a proper lookout;
t. Operating said motor vehicle in an inattentive manner;
u. Failure to properly brake and steer said motor vehicle;
v. Failure to operate said motor vehicle in a safe manner;
w. Disregarding the designated lanes of travel on the road;
x. Disregarding applicable traffic controls and/or signals;
y. Striking the motor vehicle occupied by plaintiffs;
z. Disregarding health conditions which may impact the ability to safely operate a motor vehicle;
aa. Failing to afford plaintiff proper and sufficient notice and warning of said vehicle's position and path of travel;
bb. Operating said motor vehicle without due regard to the traffic, use, width and purpose of the roadway;
cc. Causing said motor vehicle to come in contact with the motor vehicle operated by plaintiff;
dd. Failure to be properly qualified as an operator of a said motor vehicle of the kind operated by defendant;
ee. Failure to abide by policies and procedures regarding safe operation and maintenance of said motor vehicle;
ff. Failure to be properly qualified as an operator of a said motor vehicle of the kind operated by defendant; and,
gg. Failure to abide by policies and procedures regarding safe operation and maintenance of said motor vehicle.

## COUNT II
## PLAINTIFF, ALLEN KNAPP, JR. V. DEFENDANT, ALLSTATE

29.     Plaintiffs incorporate the preceding paragraphs as if set forth at length herein.

30.    As a result of the accident aforementioned, plaintiff, Allen Knapp Jr., sustained multiple injuries including, but not limited to, traumatic brain injury, post-concussive syndrome, cognitive impairment, cervical disc injury, cervical sprain and strain, thoracic disc injury, thoracic sprain and strain, lumbar disc injury, lumbar sprain and strain, as well as other injuries to his head, neck and back, their bones, cells, tissues, nerves, muscles and functions; and shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

31.    As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

32.    As a further result of the aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

33.    As a result of this accident, plaintiff has suffered an injury which is permanent, irreparable and severe.

34.    As a further result of the aforesaid, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

35.    As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

36.    As a result of the aforesaid, plaintiffs incurred associated incidental expenses for which the defendants are liable.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT III
## PLAINTIFF, FRANCES KNAPP V. DEFENDANTS

37.    Plaintiffs incorporate the preceding paragraphs as if set forth at length herein.

38.    As a result of the accident aforementioned, plaintiff, Frances Knapp, sustained multiple injuries including, but not limited to, L2 compression fracture, lumbar disc injury, lumbar sprain and strain, cervical disc injury, cervical sprain and strain, cervicalgia, post-traumatic stress disorder, as well as other injuries to her head, neck and back, their bones, cells, tissues, nerves, muscles and functions; and shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

39.    As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

40.    As a further result of the aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

41.    As a result of this accident, plaintiff has suffered an injury which is permanent, irreparable and severe.

42.     As a further result of the aforesaid, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

43.     As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

44.     As a result of the aforesaid negligence, plaintiff incurred associated incidental expenses for which the defendants are liable.

WHEREFORE, plaintiffs demand judgment against defendants in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT IV
## PLAINTIFF, AMY KNAPP V. DEFENDANT, ALLSTATE

45.     Plaintiffs incorporate by reference the foregoing averments as if set forth at length herein.

46.     As a result of the injuries sustained by husband-plaintiff, Allen Knapp Jr., as aforesaid, wife-plaintiff, Amy Knapp, has been deprived of the society, companionship and consortium of her husband herein named, and she will be deprived of same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

**COUNT V**
**PLAINTIFFS V. DEFENDANT, ALLSTATE**

47.    Plaintiffs incorporate by reference the foregoing averments as if set forth at length herein.

48.    Upon investigation and belief, at the time and place as aforesaid, the underinsured operator and the underinsured motor vehicle were "underinsured.

49.    Within the said policy of automobile insurance, by the terms of which defendant, Allstate, contracted to pay first party benefits on account of plaintiffs' injuries, including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an underinsured driver and underinsured motor vehicle

50.    Plaintiffs timely placed defendant, Allstate, on notice for "UIM" benefits after the subject motor vehicle crash.

51.    Plaintiffs properly complied with the terms and conditions of said policy to bring a claim for "UIM" benefits under said policy.

52.    The defendant, Allstate, policy of automobile insurance provided "UIM" benefits with a total limit of no less than $700,000.00 under the subject policy.

53.    Plaintiffs are entitled to make a claim for Underinsured Motorist benefits with Defendant, Allstate, pursuant to said policy.

54.    Plaintiffs have demanded payment of Underinsured Motorist benefits from Defendant, Allstate.

55.    Defendant, Allstate, is obligated to provide Underinsured Motorist benefits to plaintiffs.

56.    It is the duty and obligation of Defendant, Allstate, to pay Underinsured Motorist benefits to plaintiffs.

57. Defendant, Allstate, is obligated to act in good faith when adjusting the subject Underinsured Motorist claims presented by plaintiffs.

58. Defendant, Allstate, breach of its contractual obligations to plaintiffs includes, inter alia, the following:

    a. Vicarious liability for the actions/inactions of agents, servants and/or employees;

    b. Failing to adjust plaintiffs' claims;

    c. Failing to properly adjust plaintiffs' claims;

    d. Failing to timely adjust plaintiffs' claims;

    e. Failing to objectively evaluate plaintiffs' claims;

    f. Failing to fairly evaluate plaintiffs' claims;

    g. Failing to timely evaluate plaintiffs' claims;

    h. Failing to reasonably investigate plaintiffs' claims;

    i. Failing to fairly negotiate plaintiffs' claims;

    j. Failing to timely negotiate plaintiffs' claims.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT V
## PLAINTIFF, FRANCES KNAPP V. DEFENDANT, STATE FARM

59. Plaintiffs incorporate by reference the foregoing averments as if set forth at length herein.

60. Upon investigation and belief, at the time and place as aforesaid, the underinsured operator and the underinsured motor vehicle were "underinsured".

61. Within the said policy of automobile insurance, by the terms of which defendant, State Farm, contracted to pay first party benefits on account of plaintiff, Frances Knapp's, injuries,

including but not limited to Underinsured Motorist (hereinafter "UIM") benefits, to plaintiff for injuries arising from a motor vehicle accident involving an underinsured driver and underinsured motor vehicle.

62.     Plaintiff timely placed defendant, State Farm, on notice for "UIM" benefits after the subject motor vehicle crash.

63.     Plaintiff properly complied with the terms and conditions of said policy to bring a claim for "UIM" benefits under said policy.

64.     The defendant, State Farm, policy of automobile insurance provided "UIM" benefits with a total limit of no less than $100,000.00 under the subject policy.

65.     Plaintiff is entitled to make a claim for Underinsured Motorist benefits with Defendant, State Farm, pursuant to said policy.

66.     Plaintiff has demanded payment of Underinsured Motorist benefits from Defendant, State Farm.

67.     Defendant, State Farm, is obligated to provide Underinsured Motorist benefits to plaintiff.

68.     It is the duty and obligation of Defendant, State Farm, to pay Underinsured Motorist benefits to plaintiff.

69.     Defendant, State Farm, is obligated to act in good faith when adjusting the subject Underinsured Motorist claims presented by plaintiff.

70.     Defendant, State Farm, breach of its contractual obligations to plaintiff includes, inter alia, the following

    a.  Vicarious liability for the actions/inactions of agents, servants and/or employees;

    b.  Failing to adjust plaintiff's claims;

c.   Failing to properly adjust plaintiff's claims;

d.   Failing to timely adjust plaintiff's claims;

e.   Failing to objectively evaluate plaintiff's claims;

f.   Failing to fairly evaluate plaintiff's claims;

g.   Failing to timely evaluate plaintiff's claims;

h.   Failing to reasonably investigate plaintiff's claims;

i.   Failing to fairly negotiate plaintiff's claims;

j.   Failing to timely negotiate plaintiff's claims.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

A jury trial is demanded.

**WAPNER NEWMAN**

BY: _____

**ROBERT S. MILLER, ESQUIRE**
**Identification No. 65854**
rmiller@wapnernewman.com
**STEVEN T. BRECHER, ESQUIRE**
**Identification No. 323111**
sbrecher@wapnernewman.com
8 Penn Center
1628 JFK Blvd., Suite 800
Philadelphia, PA 19103
Phone: (215)569-0900
Facsimile: (215)569-4621
Attorneys for Plaintiffs